# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Keith Martinez,

    Plaintiff

v.

Royal Links Golf Club,

    Defendant

Case No.: 2:18-cv-002393-JAD-CWH

**Remand Order**

[ECF Nos. 7, 11, 13]

Plaintiff Keith Martinez filed this civil action for violations of the Fair and Accurate Credit Transactions Act (FACTA) and NRS Chapter 598 in Nevada's Eighth Judicial District Court.[1] Defendant Royal Links Golf Club removed the case to federal court based on the federal question presented by the FACTA claim[2] and then promptly moved to dismiss that FACTA claim based on the plaintiff's lack of Article III standing.[3] Plaintiff does not take a position on whether Article III standing exists,[4] and defendant argues that "Plaintiff has failed to state a claim that would establish Article III standing" because his "alleged injury is entirely speculative."[5] The burden to establish removal jurisdiction is on the defendant, as the removing party here.[6] Because the defendant has not met that burden[7] but instead argued that this court

---

[1] ECF No. 1 at 9 (complaint).

[2] ECF No. 1 at 2.

[3] ECF No. 7.

[4] *See* ECF No. 11 at 7, n.3.

[5] ECF No. 7 at 5.

[6] *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.").

[7] *See, e.g., Barnes v. ARYZTA, LLC*, 288 F. Supp. 3d 834, 839 (N.D. Ill. 2017), appeal dismissed, 2018 WL 3583218 (7th Cir. Feb. 8, 2018); *Katz v. Six Flags Great Adventure, LLC*, 2018 WL 3831337, at *7 (D.N.J. Aug. 13, 2018) (remanding removed FACTA case based on lack of

lacks the power to hear this case because of a lack of Article III standing, it appears that this court lacks subject-matter jurisdiction,[8] and I remand this case under 28 U.S.C. § 1447(c).[9] So, I deny the motion to dismiss and instead grant the plaintiff's countermotion to remand. But because the plaintiff did not comply with Local Rule 54-1 in requesting attorney fees, I deny its motion for fees.[10]

For these reasons and those stated on the record at today's hearing, IT IS HEREBY ORDERED that

- Plaintiff's motion to remand **[ECF No. 11] is GRANTED**;
- Defendant's motion to dismiss **[ECF No. 7]** and plaintiff's motion for attorney fees **[ECF No. 13] are DENIED**; and
- The Clerk of Court is directed to **REMAND this case back to the Eighth Judicial District Court for Clark County, Nevada, Case No. A-18-781628-C** and CLOSE THIS CASE.

Dated: February 25, 2019

_____
U.S. District Judge Jennifer A. Dorsey

---

Article III standing); *see also Polo v. Innoventions Int'l., LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016).

[8] In so holding, I do not determine whether plaintiff can establish that he suffered an injury in fact; I merely hold that the defendant has failed to meet its burden to show that federal jurisdiction exists. And because I cannot find that I have jurisdiction, I do not reach the defendants' remaining dismissal arguments.

[9] *Reyes v. Checksmart Fin., LLC*, 701 F. App'x 655, 659 (9th Cir. 2017) (citing *Polo*, 833 F.3d at 1196, and 28 U.S.C. §1447(c) and noting, "When a plaintiff lacks Article III standing for an entire removed case, the district court must remand the entire case, not dismiss it.").

[10] *See* L.R. 54-14(d) (providing that the failure to supply an attorney affidavit, an itemization and description of the work performed, and other information in support of motion for attorney's fees "may be deemed a consent to the denial of the motion").

2